E-FILED
Monday, 20 April, 2026  11:10:12 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDREW WRIGHT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-3031 |
| | ) | |
| IAN DENNIS, *et al.*, | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and currently detained at the Adams County Jail, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 5). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against Officer Ian Dennis, Chief of Police Martin Coad, and the City of Beardstown. On March 2, 2024, Plaintiff alleges officers from the Beardstown Police Department damaged several locked doors inside his residence instead of using bolt cutters to cut the padlocks. Plaintiff claims officers took a pearl necklace, bracelet, and candy dish. On several other dates, officers allegedly searched his residence without a warrant and left entryway doors open, which

1

caused deprivation of property in a "high crime area." (Doc. 5 at p. 6). Plaintiff alleges Defendant City of Beardstown is responsible for the actions of its employees.

Plaintiff alleges Defendant Dennis arrested him on March 3, 2024. Plaintiff alleges Defendant Dennis illegally searched his iPhone XR without a warrant and illegally seized his iPhone XR and iPhone 5s. Plaintiff also alleges Defendant Dennis illegally searched bags on his porch and searched his garage without a warrant.

On an unspecified date, Plaintiff alleges Defendant Coad tampered with evidence and falsified information by listing a crime code (felon in possession of a firearm) he knew was false. Defendant Coad allegedly stated a firearm was recovered from an address that does not exist. Plaintiff alleges Defendant Coad knew he was not a felon and manufactured evidence to bring false criminal charges against him.

**ANALYSIS**

Plaintiff did not include any information about the status of his criminal case in his Amended Complaint. It is unclear whether Plaintiff was convicted of a crime, and if so, whether the conviction has been invalidated. Plaintiff does not specifically ask for release, but his allegations necessarily challenge the basis for his arrest and incarceration. Those challenges must first be pursued in Plaintiff's criminal case, direct appeals in the criminal case, and by filing of a habeas petition, after the exhaustion of any applicable remedies. Plaintiff may not pursue a § 1983 claim for damages, the success of which would imply the invalidity of a criminal conviction or sentence, unless that conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Plaintiff has not shown that his conviction was invalidated (through habeas proceedings or otherwise), he cannot pursue relief challenging it in a § 1983 action.

2

Plaintiff alleges Defendant City of Beardstown is liable for the actions of its employees. There is no *respondeat superior* under § 1983. Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012).

Plaintiff's Amended Complaint is dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to allow Plaintiff to pursue any available remedies in state court. *See Morgan v. Schott*, 914 F.3d 1115, 1112 (7th Cir. 2019) (*Heck*-barred claims must be dismissed without prejudice due to the possibility of future state-court proceedings). Out of an abundance of caution, Plaintiff will be given leave to file a Second Amended Complaint within 30 days of this Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff shall have a FINAL opportunity to file a Second Amended Complaint within 30 days of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Second Amended Complaint or if it fails to state a claim for relief, his case will be dismissed without prejudice.**

2) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED:  4/20/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

3